IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

Wendy Hood,                                    Case No. 1:19 CV 386

           Plaintiff,                  REMAND ORDER

   -vs-
                                            JUDGE JACK ZOUHARY

Kathryn D. Beattie, M.D., et al.,

           Defendants.

### INTRODUCTION

Dr. Jacob Neufeld committed suicide in 2017 (Doc. 1-2 at ¶ 50). His widow, Plaintiff Wendy Hood, sued his former employer and others in Idaho state court (Doc. 1-2). Defendants removed the case to this Court (Doc. 1). Hood requests a remand, contending subject-matter jurisdiction is lacking (Doc. 3). Defendants oppose (Docs. 8–9); Hood replies (Doc. 12). Briefing is complete.

### ANALYSIS

Defendants invoke 28 U.S.C. § 1331, which grants federal courts jurisdiction over claims "arising under" federal law (Doc. 1 at 2). A claim arises under federal law when (1) it is created by federal law or (2) it raises a substantial federal issue. *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013). The removing party bears the burden to prove jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Doubt is resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

The point of dispute is Hood's sixth claim, which she titled "Wrongful Death and St. Luke's Violation of the [federal Family and Medical Leave Act (FMLA)]" (Doc. 1-2 at 19). For that claim, the Complaint states that Neufeld's employer -- St. Luke's -- forced him to take FMLA leave and

undergo unnecessary medical treatment (*id.* at ¶¶ 25–26). When the leave ended, St. Luke's allegedly violated the FMLA by preventing Neufeld from returning to work (*id.* at ¶ 42). According to the Complaint, this FMLA violation caused Neufeld "to feel extreme devastation . . . . This devastation was the direct and proximate cause of Dr. Neufeld impulsively committing suicide" (*id.* at ¶ 97). In turn, Neufeld's suicide "was the direct and proximate cause of [Hood] suffering physically, emotionally, and financially" (*id.* at ¶ 98).

This claim is not created by federal law. It is created by state law -- specifically, Idaho Code Section 5-311 (Doc. 3-1 at 2). Section 5-311 provides that "[w]hen the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death." To prevail, the heir or personal representative must prove "(1) that an actionable wrong was committed by the defendant against the decedent, and (2) that the same actionable wrong caused the decedent's death." *Castorena v. Gen. Elec.*, 238 P.3d 209, 219 (Idaho 2010). Here, the Complaint references the FMLA in an attempt to satisfy that first prong. In other words, Hood asserts that violation of the FMLA was an "actionable wrong" that caused Neufeld's death, triggering liability under Section 5-311 (Doc. 3-1 at 2). Moreover, Hood requests compensation for her own suffering (Doc. 1-2 at ¶ 98). She does not request actual monetary losses suffered by Neufeld, which is the only compensation available under the FMLA. *See* 29 U.S.C. § 2617(a)(1); *Farrell v. Tri-Cty. Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008). Simply put, this is a wrongful-death case, not an FMLA case.

The claim does not raise a substantial federal issue, either. Substantial-federal-issue claims are a "special and small category." *Gunn*, 568 U.S. at 258 (citation omitted). A claim falls within this category only if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial,

2

and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* At least one of these four requirements is not met here: FMLA liability is not necessarily raised. "When a claim can be supported by alternative and independent theories -- one of which is a state law theory and one of which is a federal law theory -- federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am.*, 672 F.3d 661, 675 (9th Cir. 2012) (citation omitted). Hood asserts alternative theories of relief under the Idaho statute. For instance, in another claim she alleges that negligence of St. Luke's was an actionable wrong that caused Neufeld's death (Doc. 1-2 at 14). A court could easily resolve Hood's lawsuit based on this negligence allegation, without even addressing the FMLA.

## CONCLUSION

Hood does not assert a claim created by federal law. Nor does her Complaint raise a substantial federal issue. This lawsuit therefore falls outside the jurisdiction of the federal courts. Accordingly, the Motion for Remand (Doc. 3) is granted. Lacking subject-matter jurisdiction, this Court declines to adjudicate the outstanding Motion to Dismiss (Doc. 5).

IT IS SO ORDERED.

                                         s/ *Jack Zouhary*
                                         JACK ZOUHARY
                                         U.S. DISTRICT JUDGE

                                         February 25, 2020